# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARKOVANOVICH, | ) | CASE NO. 5:09-CV-00229 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| KEVIN SMITH, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Christopher Markovanovich ("Markovanovich"), challenges the constitutionality of his conviction in the case of *State v. Markovanovich*, Summit County Court of Common Pleas Case No. CR 06-08-2876.  Markovanovich, *pro se*, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on February 2, 2009.  On July 2, 2009, Warden Kevin Smith ("Respondent") filed his Answer/Return of Writ.  (Doc. No. 9.)  On July 29, 2009, Markovanovich filed a motion seeking leave to amend the Petition.  (Doc. No. 11.)  On September 2, 2009, the Court granted in part and denied in part his motion to amend. (Doc. No. 12.)  Respondent filed a supplement to his Answer/Return of Writ on September 9, 2009.  (Doc. No. 13.)  Markovanovich filed a Traverse on November 4, 2009.  (Doc. No. 16.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that Markovanovich's petition be DENIED.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, factual determinations made by state courts "shall be presumed to be correct."

28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002).  A lengthy and

thorough summary of the facts underlying Markovanovich's conviction can be found in the state

appellate court's opinion.  *See State v. Markovanovich*, 2007-Ohio-5676, 2007 Ohio App.

LEXIS 5000 (Ohio Ct. App. Oct. 24, 2007).

## II.  Procedural History

**A.    Conviction**

On August 21, 2006, a Summit County Grand Jury charged Markovanovich with two

alternative murder offenses in violation of Ohio Revised Code ("O.R.C.") § 2903.02(A) and

O.R.C. § 2903.02(B), one count of tampering with evidence in violation of O.R.C. §

2921.12(A)(1), three counts of misdemeanor assault in violation of O.R.C. § 2903.13(A), one

count of felonious assault in violation of O.R.C. § 2903.11(A)(1), and one count of obstructing

official business in violation of O.R.C. § 2921.31(A).  (Doc. No. 9, Exh. 1.)  On December 19,

2006, a jury found Markovanovich guilty of murder in violation of § 2903.02(A), two of the

three counts of assault, and the felonious assault charge.  (Doc. No. 9, Exhs. 9 & 10.)  On

December 22, 2006, the trial court sentenced Markovanovich to a term of life imprisonment for

the murder conviction with parole eligibility after fifteen years, ninety days imprisonment for

each of the assault convictions, and eight years imprisonment for felonious assault.  The two

felony sentences were to be served consecutively, for an aggregate term of 23 years to life.

(Doc. No. 9, Exh. 10.)

**B.    Direct Appeal**

On January 23, 2007, Markovanovich, through trial counsel, filed a Notice of Appeal

with the Court of Appeals for the Ninth Appellate District ("state appellate court").  (Doc. No. 9,

Exh. 11.)  He raised the following assignments of error:

      I.    The Trial Court Committed prejudicial Error By Not Severing the Murder
           Count From the Felonious Assault Count.

     II.    The Trial Court Committed prejudicial Error By Not Granting the Motion In
           Limine and preventing the Testimony Regarding the Assault Counts or By
           Not Severing the Assault Count.

    III.    The Trial Court Committed Reversible Error By Not Granting Judgment Of
           Acquittal Pursuant to the Rule 29 Motion.

    IV.    Due Process is Denied An Accused Where the Conviction Has Been
           Obtained Upon Evidence Insufficient As a Matter of Law and the Verdict
           Was Against the Manifest Weight of Evidence.

     V.    It was prejudicial Error for the Court To Exclude the Taped Interview of
           Susan Estes From the Jury.

    VI.    The Trial Court Committed Reversible Error By sentencing the
           Defendant-Appellant To Consecutive Terms.

(Doc. No. 9, Exh. 12.)

On October 24, 2007, the state appellate court affirmed Markovanovich's conviction.

(Doc. No. 9, Exh. 14.)

On December 30, 2007, Markovanovich, through new counsel, filed a Notice of Appeal

with the Supreme Court of Ohio.  (Doc. No. 9, Exh. 15.)  He raised the following propositions of

law in his memorandum in support of jurisdiction:

      I.    A pre-trial motion for relief from prejudicial joinder need not be "renewed"
           at the close of evidence.

     II.    A trial court should grant relief from joinder where the cases are unrelated.

    III.   A court of appeals should reverse where inadmissible other acts evidence prejudices a defendant.

    IV.   A trial court should admit hearsay evidence from a reliable, unavailable witness to protect a defendant's Sixth and Fourteenth Amendment right to present a defense.

    V.   Appellate counsel has a conflict of interest in judging his own effectiveness and counsel is ineffective for failing to raise trial counsel's ineffectiveness and for failing to raise unpreserved issues as plain error.

    VI.   A defendant may not be resentenced pursuant to a sentencing scheme in which the presumptive minimum sentence has been eliminated subsequent to the commission of the underlying crime.

    VII. A court of appeals should reverse when cumulative error prejudices the defendant.

(Doc. No. 9, Exh. 16.)

On March 12, 2008, the appeal was dismissed as not involving any substantial constitutional question.  (Doc. No. 9, Exh. 18.)

**C.**   **Application to Reopen Appeal**

On January 22, 2008, Markovanovich, *pro se*, filed a timely application to reopen his appeal pursuant to Ohio App. R. 26(B).  (Doc. No. 9, Exh. 19.)  In addition to the assignments of error previously raised by his appellate counsel, Markovanovich raised two additional claims:

    VII.        Appellant was deprived of the constitutional right to speedy trial and to the effective assistance of trial counsel under the Sixth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

    VIII. Appellant was deprived of his right to the effective assistance of counsel and of a fair trial under the Sixth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

(Doc. No. 9, Exh. 19.)

On February 5, 2008, the state appellate court denied his application to reopen.  (Doc. No.

9, Exh. 21.)

On March 20, 2008, Markovanovich, *pro se*, appealed the denial of his application to

reopen to the Supreme Court of Ohio.  (Doc. No. 9, Exh. 22.)  He raised the following

propositions of law in his memorandum in support of jurisdiction:

I.   Appellant was denied the effective assistance of trial and appellate counsel
     under the United States and Ohio Constitutions where there is a conflict of
     interest in counsel judging his own ineffectiveness and counsel is ineffective
     for failing to raise ineffective assistance of trial counsel, and for failing to
     raise unpreserved issues as plain error.

II.  Appellant was deprived of the constitutional right to a speedy trial and
     effective assistance of counsel under the Sixth and Fourteenth Amendment
     to the United States and Article I, Section 10 of the Ohio Constitution.

III. Appellant was deprived of his constitutional right to a fair trial and the
     effective assistance of counsel under the Sixth and Fourteenth Amendment
     to the United States Constitution and Article I, Section 10 of the Ohio
     Constitution.

IV.  A court of appeals should reverse when cumulative error prejudices the
     defendant.

(Doc. No. 9, Exh. 23.)

On June 24, 2008, the appeal was dismissed as not involving any substantial constitutional

question.  (Doc. No. 9, Exh. 25.)

**D.   Federal Habeas Petition**

On February 2, 2009, Markovanovich filed a Petition for Writ of Habeas Corpus and

asserted the following grounds for relief:

GROUND ONE: Petitioner was denied the Constitutional right to the effective
assistance of counsel.

GROUND TWO: Petitioner was deprived of the Constitutional right to a fair and
speedy trial.

-5-

> GROUND THREE: Petitioner was deprived of due process when his conviction is based on insufficient evidence and against the manifest weight of the evidence.
>
> GROUND FOUR: Petitioner was denied due process of law and jury rights when his sentence was enhanced beyond the statutory maximum based on judicial fact-finding and material facts not alleged in the indictment, proved beyond a reasonable doubt nor found by the jury, and not admitted to or with required waiver.

On July 29, 2009, Markovanovich filed a motion seeking leave to amend the Petition. (Doc. No. 11.)  On September 2, 2009, the Court granted in part and denied in part his motion to amend.  Markovanovich sought to add four new claims – the first three were allowed, but the fourth – alleging cumulative error – was denied as it was deemed not cognizable upon habeas review.  (Doc. No. 12.)  The added claims are as follows:

> GROUND FIVE: The trial court committed prejudicial error by not severing the murder count from the felonious assault count.
>
> GROUND SIX: The trial court committed prejudicial error by not granting the motion in limine and preventing the testimony regarding the assault counts or by not severing the assault counts.
>
> GROUND SEVEN: The trial court should admit hearsay evidence from a reliable, unavailable witness to protect a defendant's Sixth and Fourteenth Amendment right to present a defense.

(Doc. Nos. 1 & 11.)

In his Traverse, Markovanovich withdrew grounds two and four.  (Doc. No. 16 at 26, 28.) Therefore, those grounds will not be considered.

### III.  Exhaustion and Procedural Default

**A.  Exhaustion Standard**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the

-6-

highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

## B.  Procedural Default Standard

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[1] *Id.*

---

[1] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms

-8-

sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

**C.    Analysis**

Respondent contends that Markovanonich's grounds for relief were never fairly presented to the state courts and are procedurally defaulted.  (Doc. Nos. 9 & 13.)

**1.  Ground One: Ineffective Assistance of Counsel**

In ground one, Markovanovich asserts that he was deprived of the effective assistance of counsel.  While Markovanovich does not expressly state whether he is alleging ineffective assistance of counsel at the trial or appellate level, his statement of supporting facts in his petition clearly refers solely to alleged shortcomings occurring at the trial stage.  Specifically, Markovanovich alleges that his trial counsel failed to present critical evidence, failed to investigate the matter, failed to locate eye witnesses, failed to properly raise certain issues/evidence, and failed to preserve certain issues during trial for later review.  (Doc. No. 1.) In his Traverse, Markovanovich "acknowledges that his sub-claims regarding appellate counsel's failure to raise trial counsel's failure to investigate; failure to present critical evidence; locate or present eyewitness testimony; and failure to utilize evidence which was obtained by Petitioner which proved the State's evidence was incorrect are issues beyond the record and should have been raised in a postconviction relief petition."  (Doc. No. 16 at 23.)  He, therefore, withdrew those sub-claims.  *Id.*  Nonetheless, Markovanovich maintains that appellate counsel should have raised trial counsel's failure to properly preserve issues for direct appeal.  *Id.*

In his appeal before the state appellate court, Markovanovich did not raise trial counsel's

ineffectiveness.[2]  Under Ohio law, the Supreme Court of Ohio "will not ordinarily consider a claim of error which was not raised and was not considered or decided by [a court of appeals]." *State v. Jester*, 32 Ohio St. 3d, 147, 154, 512 N.E. 2d 962 (Ohio 1987) (*citing Toledo v. Reasonover*, 5 Ohio St. 2d 22, 213 N.E.2d 179 at ¶2 of the syllabus (Ohio 1965)); *see also Smith v. Hudson*, 2009 U.S. Dist. LEXIS 15777, 6-7 (N.D. Ohio Mar. 2, 2009) ("It is therefore unlikely that the Ohio Supreme Court would reach the merits of a claim that was not properly raised in the underlying appellate proceeding because of a procedural default.")

In his memorandum before the Ohio Supreme Court, Markovanovich, represented by new counsel, argued that Markovanovich's previous appellate counsel was ineffective for failing to preserve certain issues on appeal relating to his own performance at trial.  (Doc. No. 9, Exh. 16 at 6-8.)  Though Markovanovich filed an application to reopen his appeal pursuant to Ohio App. R. 26(B), such applications can only be used to challenge the performance of appellate counsel and *not* trial counsel.  As such, to the extent Markovanovich seeks to raise an ineffective assistance of trial counsel claim, such a claim is procedurally defaulted.

It is questionable whether Markovanovich actually raised an ineffective assistance of *appellate* counsel claim in his habeas petition as opposed to his traverse.  However, in the interests of justice, the Court declines to address the procedural default issue with respect to an ineffective assistance of appellate counsel claim.  The United States Supreme Court has observed that federal courts are not required to address a procedural default issue before deciding against a petitioner on the merits.  *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).  The Sixth Circuit has

---

[2]  Markovanovich's trial counsel also served as his appellate counsel during the first stage of his direct appeal.

-10-

also approved this rule where the procedural default question is complicated and unnecessary to the court's determination of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *Jackson v. Anderson*, 141 F.Supp.2d 811, 826-27 (N.D. Ohio 2001).

### 2. Grounds Five, Six, and Seven

Respondent asserts that grounds five through seven are procedurally defaulted, as they were never fairly presented to the state appellate court as federal constitutional claims. (Doc. No. 9 at 16-22; Doc. No. 13 at 7-14, 18-21, 25-27.)

On his initial direct appeal, Markovanovich argued that the trial court committed error by failing to properly follow the Ohio Rules of Criminal Procedure and applicable Ohio Supreme Court precedent when addressing his motion to sever the murder count and felonious assault counts.[3] (Doc. No. 9, Exh. 12 at 6-8.) Afterwards, before the Supreme Court of Ohio, Markovanovich raised an identical argument, but finished with the following one sentence statement: "[t]he improper joinder also violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution." No elaboration on the issue was offered. (Doc. No. 9, Exh. 16 at 3-5.)

Likewise, when presenting his assignments of error before the state appellate court, Markovanovich argued that the trial court committed prejudicial error when it denied his motion

---

[3] Without explanation or elaboration, Markovanovich did make a conclusory statement that his "constitutional right to a fair trial was trampled under by the State of Ohio." (Doc. No. 9, Exh. 12 at 6-8.) This vague statement is hardly sufficient to constitute a "fair presentation" of a *federal* constitutional argument. Markovanovich did not rely upon federal cases employing constitutional analysis, did not rely upon state cases employing federal constitutional analysis, did not phrase his claim in terms of constitutional law, and did not allege facts well within the mainstream of federal constitutional law. *See Newton,* 349 F.3d at 877.

-11-

in limine regarding testimony on the assault counts, because the admission of such evidence served no probative purpose. (Doc. No. 9, Exh. 12 at 9-10.) Thereafter, before the Supreme Court of Ohio, Markovanovich argued that denial of the motion in limine violated Ohio Evid. R. 404(B), and, for the first time, also suggested that it violated "his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Estelle v. McGuire* (1991), 502 U.S. 62." (Doc. No. 9, Exh. 16 at 5.)

Finally, before the state appellate court, Markovanovich argued that it was prejudicial error for the trial court to preclude the jury from hearing the taped interview of an "unavailable witness," as denial of that testimony was inappropriate under Ohio Evid. R. 804(A)(5) and state court precedent. (Doc. No. 9, Exh. 12 at 18-20.) When presented before the Ohio Supreme Court, Markovanovich's argument transformed into one alleging a violation of his Sixth Amendment right to present a defense. (Doc. No. 6, Exh. 16 at 6.)

The Sixth Circuit has found that "[b]efore seeking federal habeas relief, state prisoners must first exhaust their available state court remedies by fairly presenting all their claims to the state courts." *Slaughter v. Parker*, 450 F.3d 224, 235-236 (6th Cir. 2006) (*citing Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005)). The *Slaughter* Court explained as follows:

> Ordinarily, the exhaustion requirement is satisfied once the petitioner has fairly presented all his claims to the highest court in the state in which he was convicted, thus giving the state a full and fair opportunity to rule on those claims before the petitioner seeks relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). This can be done by invoking ***one full round*** of the state's established procedures. *Id.* In reviewing the state court proceedings to determine whether a petitioner has "fairly presented" a claim to the state courts, we have looked to the petitioner's:
>
> > (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently

> particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.
>
> *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005). While a petitioner need not cite "chapter and verse" of constitutional law, "general allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (internal citations omitted).

*Slaughter*, 450 F.3d at 235-236 (emphasis added).

In his brief before the state appellate court, Markovanovich framed his assignments of error purely as violations of state law.  His isolated and vague assertion that his trial was unfair is insufficient to constitute a presentation on federal constitutional issues.  Though Markovanovich added federal constitutional claims to his assignments of error before the Ohio Supreme Court, inclusion at that stage does not cure his prior failure to do so.   "It has long been Ohio law, however, that a criminal constitutional question cannot be raised in the Ohio Supreme Court unless it is first presented in the court below."  *Hines v. Kelly*, 2009 U.S. Dist. LEXIS 76359, 34-35 (N.D. Ohio Jun. 29, 2009) (*citing State v. Jester*, 32 Ohio St. 3d. 147, 154, 512 N.E. 2d 962 (Ohio 1987)).  "The Ohio Supreme Court will generally not reach the merits of claims that were not raised in the underlying appellate proceeding.  Where the state courts are silent as to the reasons for denying a petitioner's due process claim, the Sixth Circuit applies the presumption that the state court 'would not have ignored its own procedural rules and would have enforced the procedural bar.'" *Id.* (*quoting Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)). Therefore, because Markovanovich failed to properly present grounds five, six, and seven as federal constitutional claims at all stages of the state appellate process, these grounds should be dismissed as procedurally defaulted.

### 3.      Ground Three: Sufficiency of the Evidence

In ground three, Markovanovich argues that his conviction was not supported by sufficient evidence and was also against the manifest weight of the evidence.[4]  (Doc. No. 1.)

Markovanovich raised a sufficiency of the evidence claim before the state appellate court upon direct appeal.  (Doc. No. 9, Exh. 12 at 14-17.)  However, Markovanovich abandoned this claim before the Supreme Court of Ohio.  (Doc. No. 9, Exh. 19.)  This ground for relief is unexhausted, and the Court finds that this claim is, therefore, procedurally defaulted, as Ohio courts would no longer consider the claim due to the doctrine of *res judicata*.

### 4.      Excusing Procedural Default

Markovanovich argues that his procedural default should be excused due to appellate counsel's ineffectiveness on appeal – namely failing to challenge his own allegedly deficient performance at trial.  (Doc. No. 16 at 20-23.)

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138-39.  "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error."  *Id.*  Moreover, "habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome the procedural default; they must present affirmative evidence

---

[4]  Manifest weight claims are not cognizable upon habeas review.  *See, e.g., Schuster v. Duffey*, 2009 U.S. Dist. LEXIS 79625 (N.D. Ohio July 29, 2009); *Hess v. Eberlin*, 2006 WL 2090093 (S.D. Ohio 2006).

or argument as to the precise cause and prejudice produced." *Lundgren*, 440 F.3d at 764.

Markovanovich has made the allegation that appellate counsel should have challenged certain shortcomings in trial counsel's representation, specifically, that trial counsel failed to raise certain issues in a manner that would have preserved them for appeal.[5]  However, the allegation that appellate counsel was ineffective for failing to preserve certain issues for appeal does not serve as cause excusing his procedural default on his other claims.  With respect to grounds three, five, six, and seven, Markovanovich never asserted in state court, nor here, that appellate counsel was ineffective for failing to raise the issues contained in those grounds as distinct federal claims.  As such, the alleged shortcomings of appellate counsel do not constitute cause sufficient to excuse Markovanovich's default with respect to grounds three, five, six, and seven.

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice."  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).  Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995);  *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).  To the extent Markovanovich asserts that he is actually innocent of the crimes for which he was convicted, his claim fails because he has not presented any "new" evidence.  Though he has argued that an alleged eyewitness claimed she saw two men of a

---

[5]  In its opinion, the state appellate court found that Markovanovich's counsel failed to renew a motion to sever and a motion in limine at the close of trial and during trial respectively. *Markovanovich*, 2007-Ohio-5676 at ¶¶5-12.

different race than Markovanovich fleeing the scene of the crime, this evidence is not "new"

merely because the witness could not be located.

### IV.  Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The

relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of
> > the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States

Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d

1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not

mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent"

also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v.

Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially

-16-

indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A.  Ineffective Assistance of Appellate Counsel**

In his Ohio App. R. 26(B) application, Markovanovich argued that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness.  Specifically, Markovanovich takes issue with: (1) trial counsel's failure to renew his motion to sever the felonious assault charge from the other charges at the close of the State's case in chief; and, (2) trial counsel's failure to renew a motion in limine when the pertinent testimony was presented at trial or to seek severance of the misdemeanor assault charges.[6]

---

[6]  The state appellate court declined to address these assignments of error on direct review, as it found that trial counsel failed to properly preserve them. *Markovanovich*, 2007-Ohio-5676 at ¶¶5-12.  The Court construes Markovanovich's argument concerning the denial of his motion in limine as essentially a claim that the assault charges should also have been severed, as there was no basis for excluding testimony related to those charges if they were properly joined.  The remaining sub-claims of ineffective assistance of appellate were withdrawn by Markovanovich in the Traverse.

To prove ineffective assistance of appellate counsel, the claimant must show a level of deficient performance that is prejudicial to the defendant under the *Strickland* test. *See Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). Counsel must provide reasonable professional judgment in presenting the appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986), *quoting Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Failure to raise "significant and obvious" issues on appeal can constitute ineffective assistance of appellate counsel. *Mapes v. Coyle*, 171 F.3d 408 (6th Cir. 1999). "[No] decision of this Court suggests ... that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. at 750-54; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (tactical choices are properly left to the sound professional judgment of counsel). Failure of appellate counsel "to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005), *citing Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001).

Though timely requested, the state appellate court denied Markovanovich's application to reopen his direct appeal, explaining as follows:

> In support of his application to reopen his appeal, Defendant has argued that his appellate counsel, failed to raise the issue of ineffective assistance of counsel on appeal, presumably because appellate counsel was also trial counsel. Specifically, Defendant asserts that trial counsel was ineffective when he failed to (1) argue that Defendant's speedy trial rights had been violated; (2) "properly lay the foundation for review of motions that were critical to the defense;" and (3)

-18-

"pursue the severance of the Peterson and Cucuzza cases, and for not preserving the matter for review." Defendant asserts that but for trial counsel's conduct, a reasonable probability exists that "the outcome of the proceedings <u>could</u> have been different." (Emphasis sic).

Applying *Strickland*, we find that Appellant has failed to raise a genuine issue of ineffective assistance of counsel. Appellant's assignments of error are without merit, he fails to convincingly support any of his arguments and he fails to show how his appellate counsel's failure to raise ineffective assistance of counsel fell below an objective standard of reasonableness. Moreover, Defendant's assertion as to the second prong of *Strickland* is merely speculative.

Defendant claims that his appellate counsel should have argued that his trial counsel was ineffective; however, in Ohio a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. *State v. Lytle* (1976), 48 Ohio St.2d 391,397. It is also well established that "[c]ounsel need not raise all nonfrivolous issues on appeal." *State v. Campbell* (1994), 69 Ohio St.3d 38, 53, citing *Jones v. Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987; see, also, *Engle v. Isaac* (1982), 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.") Therefore, appellate counsel may limit the number of arguments raised in order to focus on those issues most likely to bear fruit. *State v. Caulley*, l0th Dist. No. 97AP-1590, 2002-0hio-7039, at ¶4, appeal not allowed, 2003-0hio-1572, citing *State v. Allen* (1996), 77 Ohio St.3d 172,173. See, also, *State v. Cruz* (Sept. 13,2001), Cuyahoga App. No. 78475, reopening disallowed, 2002-Ohio-3238, at ¶5 (holding that "[b]ecause an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the deficiencies of trial counsel."); accord, *State v. Cook*, 6th Dist. No. WD-04-029, 2005-0hio-4174, at ,-r13.

Defendant has failed to show that the performance of his appellate counsel fell below an objective standard of reasonableness and we cannot conclude that the absence of an assignment of error that trial counsel was ineffective prejudiced Defendant.

(Doc. No. 9, Exh. 21.)

The state appellate court correctly identified and applied the *Strickland* test governing such claims. This Court cannot find that the state court decision was an objectively unreasonable application of federal law under the AEDPA.

Furthermore, Markovanovich has failed to demonstrate that the trial court erred in its application of *state* law when it denied his motion in limine and his motion to sever.  Therefore, it cannot cogently be argued that trial counsel's failure to preserve these issues at trial and appellate counsel's failure to raise this failure on direct appeal deprived Markovanovich of what may reasonably have been a prevailing argument.  In other words, Markovanovich has failed to demonstrate that the outcome of his appeal would have been any different had the state appellate court considered the issues on the merits.

In addition, when considering habeas standards, Markovanovich's federal due process claim also fails.  Markovanovich argues that the testimony related to the assault charges "served no probative purpose other than attempting to make Petitioner as 'dirty' as possible.  It was highly prejudicial testimony that conveyed no logical connection to the murder of Lee Ann Cucuzza."  (Doc. No. 11 at 8.)  Nonetheless, it goes without saying that testimony related to the assault charges was certainly admissible to prove the charges for which Markovanovich was being tried.  Markovanovich simply assumes that the charges should have been severed.  However, "[a] defendant is not entitled to severance merely because having a separate trial 'might increase the possibility of acquittal.'"  *United States v. Lewis*, 2010 U.S. App. LEXIS 2296 (6th Cir. 2010) (*citing United States v. Parks*, 278 F. App'x 527, 531 (6th Cir. 2008)).  When a federal habeas court addresses "whether the denial of severance amounted to an error warranting relief in a habeas proceeding, the issue before us is not whether the failure to sever counts for separate trials was a violation of a state rule of procedure, but whether the failure to sever denied the petitioner due process of law under the Fourteenth Amendment."  *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. Ohio 2007) (citing *Corbett v. Bordenkircher*, 615 F.2d 722,

-20-

724 (6th Cir. 1980)).  The Sixth Circuit further explained that "in order to obtain federal habeas relief on this claim involving state law, [Petitioner] must show that misjoinder of the counts 'result[ed] in prejudice so great as to deny a defendant his . . . right to a fair trial.'"  *Id.* (*citing United States v. Lane*, 474 U.S. 438, 446 n.8 (1986)).

Naturally, joinder of counts always carries the possible risk that the introduction of evidence of other crimes could confuse or sway a jury.  *Davis*, 475 F.3d at 777.  However, "[t]he prejudice that [Petitioner] must demonstrate ... in order to justify a grant of a writ of habeas corpus is *actual* prejudice, not merely the potential for prejudice."  *Id.* (*citing Herring v. Meachum*, 11 F.3d 374, 377-78 (2nd Cir. 1993).  Markovanovich's arguments are merely speculative.  He fails to offer any evidence of actual prejudice to support his severance and motion in limine arguments.  In his traverse, he offers only the conclusory statement that, had these issues been raised on appeal, the court would have ruled differently.  (Doc. No. 16 at 23-26.)  Finally, had the testimony related to the assault charges been excluded, strong evidence remained to support Markovanovich's murder conviction.  This undermines any argument that he suffered actual prejudice from the joinder.[7]  As such, it cannot reasonably be argued that the trial, as conducted, violated Markovanovich's federal due process rights.

---

[7]  With respect to the murder conviction, there was eyewitness testimony that the victim's assailant was an average built white man who kicked and stomped the victim beside a car parked on the street; that Markovanovich wore a certain model of New Balance brand shoes every day; that injuries and bruises on the victim's head corresponded to the tread of the same model of New Balance shoes that Markovanovich was known to wear; that fingerprints from the car matched those of Markovanovich despite the vehicle owner's testimony that Markovanovich had never been in or near his car previously; and that the victim's DNA was present in Markovanovich's fingerprint taken from the car. *Markovanovich*, 2007-Ohio-5676 at ¶¶41-75.

-21-

## V.  Conclusion

For the foregoing reasons, it is recommended that Markovanovich's Petition be DENIED.

s/ Greg White_____
U.S. MAGISTRATE JUDGE

Date: <u>February 16, 2010</u>

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**