UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARKOVANOVICH, | ) | Case No.: 5:09 CV 229 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KEVIN SMITH, Warden | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On February 2, 2009, Petitioner Christopher Markovanovich ("Markovanovich" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state conviction for one count of murder, in violation of O.R.C. § 2903.02(A), two counts of assault, in violation of O.R.C. § 2903.13(A), and one count of felonious assault, in violation of O.R.C. § 2903.11(A)(1). The court permitted Markovanovich to amend his Petition on September 2, 2009 (ECF No. 12). Petitioner raises the following grounds for habeas relief: (Ground 1) Petitioner was denied the Constitutional right to the effective assistance of counsel; (Ground 2) Petitioner was deprived of the Constitutional right to a fair and speedy trial; (Ground 3) Petitioner was deprived of due process when his conviction is based on insufficient evidence and against the manifest weight of the evidence; (Ground 4) Petitioner was denied due process of law and jury rights when his sentence was enhanced beyond the statutory maximum based on judicial fact-finding and material facts not alleged in the Indictment, proved beyond a reasonable doubt nor found by the jury, and not admitted to or with required waiver;

(Ground 5) the trial court committed prejudicial error by not severing the murder count from the felonious assault count; (Ground 6) the trial court committed prejudicial error by not granting the motion in limine and preventing the testimony regarding the assault counts or by not severing the assault counts; and (Ground 7) the trial court should have admitted hearsay evidence from a reliable, unavailable witness to protect a defendant's Sixth and Fourteenth Amendment right to present a defense. Petitioner voluntarily dismissed Grounds 2 and 4 in his Traverse to the Writ (ECF No. 16). This court referred the case to Magistrate Judge Greg White for preparation of a report and recommendation. On July 2, 2009, Respondent Kevin Smith ("Respondent") filed a Return of Writ (ECF No. 9).

On February 16, 2010, Magistrate Judge White submitted his Report and Recommendation (ECF No. 17), recommending that the court deny the Petition. First, Magistrate Judge White determined that Petitioner's claim for ineffective assistance of trial counsel was procedurally defaulted. He analyzed the claim for ineffective assistance of appellate counsel on the merits and determined that the state court's decision was not an unreasonable application of federal law pursuant to the Antiterrorism and Effective Death Penalty Act and that Petitioner had not shown that the appellate counsel's decisions prejudiced him. Second, the Magistrate Judge determined that Grounds 5, 6, and 7, were procedurally defaulted because they were not fairly presented to the state appellate court as federal constitutional claims. Third, the Magistrate Judge found that Ground 3, Petitioner's claim that the evidence at trial was insufficient, was procedurally defaulted because Petitioner did not raise this claim on appeal to the Supreme Court of Ohio. Fourth, he decided that procedural default should not be excused because Petitioner cannot show that there is "cause" for

the procedural default, that he suffered "actual prejudice" from the alleged errors, or that he was actually innocent.

Petitioner filed his Objections to the Report and Recommendation on May 10, 2010 (ECF No. 20).

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents in the record, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 17.) Markovanovich's Petition is hereby denied, and final judgment is entered in favor of the Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 29, 2011

- 3 -